## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. |
| | ) | |
| v. | ) | VIOLATIONS: |
| | ) | |
| STACEY GALA PERRY and | ) | 18 U.S.C. § 1956(h) – |
| JOSEPH HERMAN, | ) | Conspiracy to Commit Money Laundering |
| | ) | |
| Defendants. | ) | 18 U.S.C. § 1001(a)(2) – |
| | ) | False Statements |
| | ) | |
| | ) | 18 U.S.C. § 1512(b)(1) – |
| | ) | Attempted Tampering with a Witness |
| | ) | |
| | ) | Forfeiture Allegations - |
| | ) | 18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. |
| | ) | § 2461(c) – Money Laundering Forfeiture |
| | ) | 18 U.S.C. § 981(a)(1)(C) – False Statement |
| | ) | Forfeiture |
| | ) | 18 U.S.C. § 982(a)(4) – Witness Tampering |
| | ) | Forfeiture |

## INDICTMENT

The Grand Jury charges:

### Parties

1.      At all times relevant to this Indictment:

   a.  Defendant Stacey GALA Perry ("GALA") was a resident of Massachusetts.  She has been married to Kevin Perry since approximately August 2015.

   b.  Defendant Joseph HERMAN ("HERMAN") was a resident of Massachusetts.

### General Allegations

2.      On or about April 12, 2016, a Certificate of Organization for "166 Shrewsbury Street, LLC" was filed with the Massachusetts Secretary of State.  Perry was the only officer identified in that filing.

3.      On or about April 12, 2016, Articles of Organization for the "The Usual

Corporation" were filed with the Massachusetts Secretary of State. GALA was the only officer identified in that filing.

4.      On or after June 30, 2016, GALA applied for the transfer of the retail alcoholic beverage license from the restaurant formerly occupying 166 Shrewsbury Street to The Usual Corporation. That application was approved.

5.      On or about September 19, 2016, Perry – doing business as 166 Shrewsbury Street LLC – purchased the real property at 166 Shrewsbury Street in Worcester.

6.      On or about September 19, 2016, GALA – doing business as The Usual Corporation – purchased the business assets of the restaurant formerly occupying 166 Shrewsbury Street in Worcester.

7.      In or about October 2016, GALA and Perry began operating "The Usual" restaurant at 166 Shrewsbury Street. At or about that time, HERMAN began working as the manager of The Usual.

8.      On March 16, 2017, a federal grand jury issued a fourteen-count indictment charging Perry with, *inter alia,* drug distribution and money laundering (17-cr-40010-TSH). The indictment alleged that the funds that Perry used to purchase nine properties, including 166 Shrewsbury Street, constituted the proceeds of illegal drug sales. On March 20, 2017, law enforcement arrested Perry in Worcester.

### Manner and Means of the Money Laundering Conspiracy

9.      In or before May 2017, GALA and HERMAN conspired to use proceeds from Perry's illegal drug sales to renovate The Usual and to re-open and operate the restaurant under a different name.

10.      In or about May 2017, Perry told GALA that he had hidden approximately

2

$260,000 in a self-storage locker in Northborough, Massachusetts. The money consisted of

Perry's drug proceeds. GALA told HERMAN about the money and, eventually, HERMAN and

another individual, C.S., removed over $200,000 from the self-storage locker in which Perry had

concealed the drug proceeds prior to his arrest.

11.     At or about the end of May 2017, GALA discontinued the operation of The Usual

restaurant.

12.     GALA and HERMAN used a portion of the drug proceeds described in paragraph

10 to renovate the restaurant for the purpose of re-opening under a new name, "The Chameleon."

13.     In or about June 2017, GALA applied to amend the alcoholic beverage license to

reflect that The Usual Corporation would operate as The Chameleon.

14.     On July 13, 2017, in a hearing related to GALA's application to amend the

alcoholic beverage license, HERMAN falsely represented to the City of Worcester Licensing

Commission that he and certain relatives had invested up to $40,000 to renovate The Chameleon.

The Licensing Commission approved GALA's application at the conclusion of the July 13

hearing.

15.     The Chameleon restaurant opened in July 2017. From in or about July 2017 until

in or about September 2017, GALA and HERMAN used a portion of the drug proceeds

described in paragraph 10 to fund the operation of The Chameleon.

### Specific Allegations Regarding Defendant HERMAN's False Statements

16.     On or about August 3, 2017, HERMAN spoke with investigators from the Drug

Enforcement Administration. Those investigators informed HERMAN that they were

conducting a federal investigation into the handling of proceeds from Perry's illegal drug sales.

HERMAN made several materially false statements to the federal investigators regarding his

3

involvement in the concealment and spending of these drug proceeds. For example, HERMAN stated that GALA had provided $100,000 to him to renovate the restaurant and that he used only $16,000 for that purpose. In fact, HERMAN assisted GALA in retrieving over $200,000 in drug proceeds from the self-storage locker and used well in excess of $16,000 of the drug proceeds to renovate and operate the restaurant. Further, HERMAN stated that he had no involvement in concealing additional proceeds of Perry's illegal drug sales. In fact, HERMAN coordinated the concealment of at least $330,000 of additional drug proceeds and personally spent more than $40,000 of those proceeds.

### Specific Allegations Regarding HERMAN's Attempted Witness Tampering

17.    A federal grand jury summonsed C.S. to testify regarding his involvement with the proceeds from Perry's illegal drug sales. C.S. alerted HERMAN to the fact that he received the summons. On or about September 13, 2017, HERMAN requested that C.S. meet him to discuss C.S.'s testimony. During that meeting, HERMAN attempted to persuade C.S. to testify untruthfully. For example, HERMAN requested that C.S. refrain from testifying about their joint retrieval of the drug proceeds from the self-storage locker. Further, HERMAN instructed C.S. that if C.S. was asked about the self-storage locker specifically, C.S. should testify that C.S. was alone when he traveled to the self-storage facility and retrieved the drug proceeds from the locker.

**COUNT ONE**: Conspiracy to Commit Money Laundering (18 U.S.C. § 1956(h))

The Grand Jury further charges:

18.     Paragraphs 1-15 are re-alleged and incorporated by reference as though fully set forth herein.

19.     From in or about May 2017 until in or about September 2017, in the District of Massachusetts and elsewhere,

**STACEY GALA PERRY and**
**JOSEPH HERMAN**

defendants herein, did knowingly combine, conspire, and agree with each other and with other persons known and unknown to the Grand Jury to commit an offense against the United States in violation of Title 18, United States Code, Section 1956, to wit: to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions in fact involved the proceeds of specified unlawful activity, that is, the distribution of controlled substances, in violation of Title 21, United States Code, Section 841(a), knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

All in violation of Title 18, United States Code, Section 1956(h).

**COUNT TWO: False Statements (18 U.S.C. § 1001(a)(2))**

The Grand Jury further charges that:

20.     Paragraphs 1-16 are re-alleged and incorporated by reference as though fully set forth herein.

21.     On or about August 3, 2017, in the District of Massachusetts,

**JOSEPH HERMAN**

defendant herein, did knowingly and willfully make materially false, fictitious and fraudulent statements in a matter within the jurisdiction of the executive branch of the Government of the United States, to wit: the statements described in paragraph 16, above.

All in violation of Title 18, United States Code, Section 1001(a)(2).

**COUNT THREE:  Attempted Tampering With a Witness (18 U.S.C. § 1512(b)(1))**

The Grand Jury further charges that:

22.    Paragraphs 1-15 and 17 are re-alleged and incorporated by reference as though fully set forth herein.

23.    In or about September 13, 2017, in the District of Massachusetts,

### JOSEPH HERMAN

defendant herein, did knowingly attempt to intimidate, threaten, and corruptly persuade C.S., with the intent to influence, delay, and prevent the testimony of C.S. in an official proceeding, to wit, testimony before a federal grand jury.

All in violation of 18 U.S.C. § 1512(b)(1).

## MONEY LAUNDERING FORFEITURE ALLEGATION
### (18 U.S.C. § 982(a)(1))

The Grand Jury further finds that:

24.   Upon conviction of the offense in violation of Title 18, United States Code, Section 1956(h), set forth in Count One of this Indictment,

### STACEY GALA PERRY and
### JOSEPH HERMAN

defendants herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offense, or any property traceable to such property.  The property to be forfeited includes, but is not limited to, the following:

     a.   a sum of money equal to the total amount of proceeds obtained as a result of the offense, which may be entered in the form of a money judgment;

     b.   real property located at 166 Shrewsbury Street, Worcester, Massachusetts, including all buildings, improvements and appurtenances thereon, more particularly described in a quitclaim deed recorded at the Worcester County Registry of Deeds, Book 55977, Page 82; and

     c.   all contents and all assets, including, but not limited to, furniture, equipment, inventory, leases, accounts receivable and notes receivable of The Usual Corporation, d/b/a/ The Chameleon, 166 Shrewsbury Street, Worcester, Massachusetts.

25.   If any of the property described in Paragraph 24 above as being forfeitable pursuant to Title 18, United States Code, Section 982(a)(1), as a result of any act or omission of the defendants --

     a.   cannot be located upon the exercise of due diligence;

     b.   has been transferred or sold to, or deposited with a third party;

     c.   has been placed beyond the jurisdiction of this Court;

     d.   has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b)(1), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of such property described in Paragraph 24 above.

       All pursuant to Title 18, United States Code, Section 982(a)(1).

## FALSE STATEMENT FORFEITURE ALLEGATION
### (18 U.S.C. § 982(a)(4))

26.   Upon conviction of the offense in violation of Title 18, United States Code, Section 1001(a)(2), set forth in Count Two of this Indictment,

**JOSEPH HERMAN**

defendant herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(4), any property, real or personal, tangible or intangible, which was obtained, directly or indirectly, as a result of the offense.

27.   If any of the property described in Paragraph 26 above as being forfeitable pursuant to Title 18, United States Code, Section 982(a)(4), as a result of any act or omission of the defendant --

  a.  cannot be located upon the exercise of due diligence;

  b.  has been transferred or sold to, or deposited with a third party;

  c.  has been placed beyond the jurisdiction of this Court;

  d.  has been substantially diminished in value; or

  e.  has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b)(1), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of such property described in Paragraph 26 above.

All pursuant to Title 18, United States Code, Section 982(a)(4).

10

## WITNESS TAMPERING FORFEITURE ALLEGATION
### (18 U.S.C. §§ 981(a)(1)(C), and 28 U.S.C. § 2461(c))

28.   Upon conviction of the offense in violation of Title 18, United States Code, Section

1512(b)(1), set forth in Count Three of this Indictment,

### JOSEPH HERMAN

defendant herein, shall forfeit to the United States, pursuant to Title 18, United States Code,

Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or

personal, which constitutes, or is derived from, proceeds traceable to the commission of such

offense.

29.   If any of the property described in Paragraph 28 above as being forfeitable pursuant

to Title 18, United States Code, Sections 981(a)(1)(C), and Title 28, United States Code, Section

2461(c), as a result of any act or omission of the defendant --

   a.   cannot be located upon the exercise of due diligence;

   b.   has been transferred or sold to, or deposited with a third party;

   c.   has been placed beyond the jurisdiction of this Court;

   d.   has been substantially diminished in value; or

   e.   has been commingled with other property which cannot be divided without
        difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c),

incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other

property of the defendant up to the value of such property described in Paragraph 28 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28,

United States Code, Section 2461(c).

A TRUE BILL

_____

FOREPERSON OF THE GRAND JURY

_____

GREG A. FRIEDHOLM
ASSISTANT U.S. ATTORNEY

DISTRICT OF MASSACHUSETTS:

Returned into the District Court by the Grand Jurors and filed on FEBRUARY 15, 2018

_____  1:27pm

DEPUTY CLERK